IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN JOHN J. COTA,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | No. C 13-00576 JSW<br><br>**ORDER (1) REQUIRING FURTHER BRIEFING AND (2) CONTINUING HEARING** |

Now before the Court is the motion to dismiss filed by Defendants United States of America, United States Coast Guard ("USCG" or "Coast Guard"), and United States Coast Guard Commandant ("Commandant") (collectively, "Defendants"). In his complaint, Plaintiff Captain John J. Cota ("Cota") challenges the final decision by the Commandant of the Coast Guard to deny the renewal of his Merchant Mariner Credential ("MMC") as arbitrary, capricious, or an abuse of discretion under the Administrative Procedure Act ("APA").

On February 28, 2011, Captain A.S. Lloyd, the Commanding Officer of the National Maritime Center of the USCG ("NMC"), held that Cota's obstructive sleep apnea was so severe that it could not be controlled by CPAP alone and required him to use a stimulant to maintain adequate functioning. The NMC further noted that his "reliance of daily medication to maintain adequate alertness is concerning and as such, [his] condition posses a risk to maritime and public safety." The NMC also noted that Cota's right humeral shift fracture was not sufficiently healed at that time to meet the Coast Guard's "requirements even for entry level positions."

1  Therefore, Captain A.S. Lloyd upheld the initial determination by the MNC to deny his
2  application for renewal on the grounds that Cota was not medically qualified. (Compl., Ex. 3.)

3  On April 29, 2011, Captain Lloyd forwarded Cota's appeal to the Commandant. In the
4  forwarding memorandum, Captain Lloyd stated that he determined that Cota "does not
5  satisfactorily meet all of the safety, suitability, and medical requirements for renewal of his
6  [MMC]...." He further stated, under the heading of "Safety and Suitability Evaluation" that a
7  review of Cota's application and criminal records revealed a conviction for a criminal violation
8  of environmental laws. Finally, Captain Lloyd determined that Cota "does not meet all
9  professional requirements" due to his failure to submit "proof of ongoing training and drills or
10 completion of a practical demonstration before a designated examiner to renew Master of
11 Towing OC and WR." Cota received and reviewed this memorandum and sent a responding
12 letter to the Commandant. (Compl., ¶ 44.)

13 On February 13, 2012, the Commandant denied Cota's appeal and determined that Cota
14 was not a "safe and suitable" person to hold a MMC. 46 U.S.C. § 7101(e) provides that the
15 Coast Guard may issue a credential to an applicant only if he or she demonstrates that "the
16 applicant has the requisite general knowledge and skill to hold the license" and "demonstrates
17 proficiency in the use of electronic aids to navigation." In addition to Cota's failure to submit
18 proof of his professional renewal requirements regarding his master of towing vessels, the
19 Commandant determined that "Cota's role in the allision of the M/V COSCO BUSAN with the
20 San Francisco Bay Bridge and his role in the grounding of the M/V PIONEER in 2006
21 demonstrate that he does not have the judgment, general knowledge, skill and proficiency
22 necessary to hold an [MMC]." (Compl., Ex. 1.)

23 The Commandant further noted that Cota had not been fully honest in filling out medical
24 forms submitted to the Coast Guard in 2006 and 2007. Cota failed to disclose some of the
25 medications he was prescribed and was taking. Additionally, although Cota reported that he
26 was taking various other drugs occasionally, he later admitted that he refilled many of the
27 prescriptions regularly. Moreover, in his 2010 application for renewal, Cota failed to reveal the
28

2

fact that he was issued a letter of warning in 2006 for the grounding of the M/V PIONEER and was cited for operating a vessel in a negligent manner. Accordingly, the Commandant denied:

> Cota's appeal because he has demonstrated that he lacks the professional judgment and skill necessary to hold the credentials sought and because [the Commandant] determined that Captain Cota is not a safe and suitable person. His criminal conviction involving the failure to safely operate a vessel and his repeated pattern of failing to candidly and accurately complete applications which he then submitted to the Coast Guard demonstrate he cannot be entrusted with the duties and responsibilities for which he applied.

(Compl., Ex. 1.) The Commandant found that renewing Cota's credentials "presents a threat to the safety of life or property, is detrimental to good discipline, and is not in the best interests of the United States." (*Id.*)

Cota does not appear to challenge the merits of the Commandant's determination that he was not a safe and suitable person or attempt to show that the Commandant's determination is not supported by substantial evidence. Instead, Cota appears to assert a procedural deficiency argument. He contends that the Commandant exceeded the scope of the NMC's decision and of Cota's appeal by relying on reasons for denying his MMC renewal that were not cited by the NMC.

The Court finds that Cota cannot state a claim for violation of due process. Procedural due process provides "a guarantee of fair procedure in connection with any deprivation of life, liberty, or property" by the government. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Board of Educ. of Linwood Unified School Dist.*, 149 F.3d 971, 982 (9th Cir. 1998); *see also Bateson v. Geisse*, 857 F.2d 1300, 1305 (9th Cir. 1988) (To state a procedural due process claim, a plaintiff must establish that he had a protectible property interest and "that he was denied this property right without the process which was due under the circumstances.")

Cota does not have a protected interest in having his MMC renewed because the Coast Guard has discretion to issue or deny this credential. *See Menkes v. U.S. Dept. of Homeland Security*, 637 F.3d 319, 338 (D.C. Cir. 2011); *see also Clifford v. United States Coast Guard*, ---

3

F. Supp. 2d. ---, 2013 WL 139190, *11 (E.D.N.Y Jan. 10, 2013) (find that the plaintiff did not "have a protected entitlement to an MMC because the statute and regulations grant the agency the discretion to issue or deny licenses."). Cota argues that the "Coast Guard does not have unfettered discretion to revoke a MMC." (Opp. to Mot. to Dismiss at 11.) However the revocation of his MMC is not at issue. Cota is challenging the Coast Guard's failure to *renew* his MMC. Cota further argues that his "entitlement to or possessory interest in his license did not expire until his application had been finally determined by the Coast Guard." (*Id*.) However, the Coast Guard did make a final determination on February 13, 2012. (Compl., Ex. 1.)

Is it not clear if Cota is also challenging the asserted procedural deficiencies in connection with the Coast Guard's refusal to renew his MMC pursuant the APA. If so, it is not clear what authority would support such a claim. The Court HEREBY DIRECTS Cota to file a supplemental brief by no later than July 9, 2013 to clarify his claim under the APA and to provide supporting authority. Moreover, if Cota challenges the asserted procedural deficiencies pursuant to the APA, Cota shall demonstrate that he has or can, if given leave to amend, allege facts sufficient to show such purported deficiencies caused prejudicial error. *See* 5 U.S.C. § 706; *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"). Defendants may file a supplemental responsive brief by no later than July 19, 2013. The Court CONTINUES the hearing on Defendants' motion to August 30, 2013.

**IT IS SO ORDERED.**

Dated: June 26, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE