FILED

**NOT FOR PUBLICATION**

DEC 31 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN J. COTA, Captain,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>      Defendants - Appellees. | No. 13-17678<br><br>D.C. No. 3:13-cv-00576-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 10, 2015[**]
San Francisco, California

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

Captain John J. Cota appeals the district court's dismissal of his complaint challenging the Coast Guard's final decision to deny renewal of Cota's Merchant Mariner Credential. We have jurisdiction under 8 U.S.C. § 1291. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** Cota failed to state a claim that the Coast Guard's final decision to deny his renewal application was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law in violation of the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 706(2)(A). Cota argues that the Coast Guard's process for reviewing his application and appeal denied him the opportunity to respond to the determinations of the National Maritime Center ("NMC") and Commandant of the Coast Guard. This argument fails because the Coast Guard provided Cota an opportunity to respond to each of its reasons for denying his application. Specifically, the NMC's April 29, 2011 supplemental memorandum addressed each of the three grounds for the Coast Guard's decision. Cota received, reviewed, and responded to this memorandum in his letter of May 20, 2011. The Commandant denied Cota's application after reviewing Cota's response. Therefore, Cota has failed to state a claim that the Coast Guard arbitrarily or capriciously deprived him of an opportunity to respond to its reasons for denying his renewal application.

**2.** Cota also failed to state a claim that the Coast Guard violated the APA by misapplying its governing statutes and regulations. The Commandant did not improperly rely upon 46 U.S.C. § 7101(e), which sets forth the conditions under which an individual may be issued a pilot's license. *See* 46 U.S.C.

§ 7101(c)(2), (e).  The Commandant addressed § 7101(e) to distinguish the professional qualifications for a master of towing vessels from the qualifications "for [Cota's] *other* officer endorsements"—including Cota's endorsement as a pilot.  Section 7101(e) thus supports the proposition for which the Commandant cited it: by satisfying the professional qualifications for a master of towing, Cota would not necessarily satisfy the requirements for his "other endorsements," one of which (i.e., his endorsement as a pilot) required him to satisfy the additional requirements of § 7101(e).  Nor did the Coast Guard fail to comply with 46 C.F.R. § 10.237, which sets forth the procedures for notifying an applicant of his right to appeal from a decision denying his application.  The Coast Guard satisfied the requirements of § 10.237(a) because it provided Cota a written statement listing the reasons for denial in both its January 28, 2011 letter and its April 29, 2011 supplemental memorandum.  *See* 46 C.F.R. § 10.237(a).

  3. To the extent that the Coast Guard made any procedural errors in denying Cota's renewal application, none of those errors was prejudicial.  *See Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 659–60 (2007).  Cota does not challenge the outcome of the Coast Guard's review of his renewal application.  As a result, Cota has failed to identify any way in which the

procedural errors that he alleges caused him prejudice.  Accordingly, any procedural error by the Coast Guard was harmless.

    **4.**    The district court did not abuse its discretion in dismissing Cota's claim for declaratory relief.  *See* 28 U.S.C. § 2201(a).  Declaratory relief may be denied when it will "risk duplicative litigation" or fail to "serve a useful purpose in clarifying the legal relations at issue." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011).  Cota sought a declaration that "the Commandant's and the United States Coast Guard's final agency action . . . employed a process that is arbitrary, capricious and an abuse of discretion."  This claim is coextensive with Cota's APA challenge to the Coast Guard's decision.  The adjudication of this claim would serve no useful purpose and would instead duplicate the adjudication of Cota's APA claim.  The district court was therefore within its discretion to dismiss Cota's claim for declaratory relief.

    **AFFIRMED.**